# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ONIE M. SHOTWELL,

      Plaintiff,

v.                                                     Case No. 08-CV-1125

COOPER POWER SYSTEMS, INC.,

      Defendant.

_____

## ORDER

On May 11, 2009, *pro se* plaintiff, Onie M. Shotwell ("Shotwell"), filed an amended complaint alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 against the defendant, Cooper Power Systems, Inc. ("Cooper"). (Docket #15). After the period allotted for discovery passed, the defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Docket #26). With the benefit of the parties' briefs on the motion for summary judgment, the court will address the motion. The court begins by discussing the undisputed facts animating the instant case.

## UNDISPUTED FACTS

Before detailing the undisputed facts, the court notes the means by which the court arrived at the facts of the case. The plaintiff is proceeding *pro se* in this litigation, and, as is required when moving for summary judgment against a *pro se* litigant, the defendant provided Shotwell with the text of Fed. R. Civ. P. 56(e) & (f)

and Civil L.R. 56.1, 56.2 and 7.1.[1]  Additionally, defendant's motion for summary judgment informed the plaintiff that:

> Because the Plaintiff is appearing *pro se*, pursuant to Civil Local Rule 56.1(a)(2), the Defendant is advising the Plaintiff of the following: any factual assertion in the Defendant's supporting Affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the Plaintiff submits her own Affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

(Def. Mot. S.J. at 2).  Defendant filed proposed findings of fact, supported by admissible evidence, in support of its motion for summary judgment.  Shotwell did not dispute those proposed findings of fact, however.[2]  Thus, as Shotwell was informed would happen, the court hereby adopts defendant's proposed findings of fact and will rely on those facts in determining the outcome of this case.  *See Salvadori v. Franklin School Dist.*, 221 F. Supp. 2d 957, 960 (E.D. Wis. 2001) ("Because the plaintiff has not contested any of the factual findings proposed by the defendants as contemplated under Local Rule 56.2, the court is permitted to conclude that the facts, as identified by the defendants in their proposed findings of fact, are undisputed." (citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994)).

---

[1] Civil Local Rules 56.1, 56.2, and 7.1 were amended and renumbered on January 26, 2010, and now appear as Civil Local Rules 56(a), 56(b) and 7(a).  However, the substance of those rules did not change because of the 2010 amendments.  The court notes that the motion for summary judgment was filed in November of 2009, and the defendant complied with the requirements for filing a motion for summary judgment against a *pro se* litigant.

[2] Ms. Shotwell merely filed a brief in response to the defendant's motion with a few handwritten notes attached.  The notes are unnotarized and are unlabeled.

To provide context to the legal discussion that follows, the court provides a short summary of the facts as provided in the defendant's proposed findings of fact. Cooper is a company that "engineers and manufacturers medium and high voltage electrical equipment, components and systems for delivery of electric power to homes, industry, and businesses." (Def's Br. 1). In April of 2004, Ms. Shotwell, employed by the defendant as an "assembler" in the company's "Fault Indicator Area," was informed by a supervisor that she was being moved from first to third shift. The plaintiff was upset because a white employee was not forced to move to third shift like Ms. Shotwell. After complaining to managers at the firm regarding what she thought was a "discriminatory" move and a "violation of her 'civil rights to freedom of speech,'" Ms. Shotwell remained on the first shift. (DPFF ¶¶ 4-6). Shortly after, one of her managers stated that "Cooper did not like her 'making motions' and saying that Cooper was discriminating." (DPFF ¶ 7). The plaintiff complained to upper management about the manager's comments, and the lower manager was reprimanded for his comments, resulting in the lower manager "never mentioning" the issue of racial discrimination to Shotwell again. In sum, the plaintiff's complaints to the management of Cooper about racial discrimination occurred in April of 2004 when Ms. Shotwell voiced complaints: (1) about her being placed on third shift; and (2) about her manager's comments scolding the plaintiff for complaining about discrimination. (DPFF ¶ 15; ¶ 20).

-3-

Over the next several years, Ms. Shotwell had a series of incidents which propelled the end of her employment with Cooper. In August of 2005, Ms. Shotwell was reprimanded for not reaching "100% of [her] production goals." (DPFF ¶ 16). Moreover, not only was Ms. Shotwell underperforming, she was also a frequent party to vulgar verbal shouting matches with co-workers at Cooper. In March 15, 2005, Ms. Shotwell used profanity in an altercation with a co-worker, which prompted the plaintiff to be further admonished by her supervisors, who warned her that "any future conduct of this nature could result in disciplinary action, including termination." (DPFF ¶ 28). However, the admonishment did not deter Ms. Shotwell. On March 23, 2006, the plaintiff was involved in another fight with a co-worker where Ms. Shotwell was "swearing," and the two workers "had to be physically separated from each other." (DPFF ¶ 30). The plaintiff and her co-worker were reprimanded by her superiors, and Cooper issued a memorandum to all employees in the department "in an attempt to address [the] ongoing friction." (DPFF ¶ 34).

Nonetheless, Shotwell continued to be the source of several fights at Cooper. On June 23, 2006, Ms. Shotwell yelled at and insulted a co-worker, causing Cooper to issue Shotwell a "Final Warning and Last Chance Employment Agreement." (DPFF ¶¶ 37-38). The plaintiff did not heed Cooper's warning, however. On October 3, 2006, Ms. Shotwell was involved in another altercation, where the plaintiff screamed profanities at a co-worker. Cooper still did not terminate Ms. Shotwell's employment, instead opting to tell her once again that "any future bad behavior

would be deemed a violation of her Last Chance Agreement and would result in her immediate termination." (DPFF ¶ 46). Despite repeated warnings to Ms. Shotwell, history repeated itself on December 16, 2006, when the plaintiff again was involved in a verbal altercation with a co-worker. After being informed of what occurred from several witnesses and believing the information to be true, managers at Cooper suspended the plaintiff pending further investigation. On December 22, 2006, Cooper terminated Ms. Shotwell's employment.

On October 23, 2008, Ms. Shotwell filed a *pro se* complaint against Cooper, (Case No. 08-CV-0897 Docket #1), which this court dismissed without prejudice in denying the plaintiff's motion for leave to proceed *in forma pauperis*, as the plaintiff had not exhausted her administrative remedies before bringing a Title VII claim in federal court. (Case No. 08-CV-0897 Docket #3). Two months later, on December 30, 2008, the plaintiff, after paying the appropriate filing fee, filed another *pro se* complaint against Cooper, demanding "one million dollars" to compensate the plaintiff for her "wrongful termination" from Cooper and for the "mental anguish" she suffered. (Docket #1). On May 11, 2009, the plaintiff filed an amended complaint. (Docket #15). After discovery occurred, on November 30, 2009, the defendant filed a motion for summary judgment. (Docket #26). The court proceeds to address the merits of the summary judgment motion.

## DISCUSSION

Summary judgment is appropriate where the "pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Wis. Alumni Research Found. v. Xenon Pharms., Inc.*, 591 F.3d 876, 882 (7th Cir. 2010). A genuine issue of material fact exists when a reasonable jury could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The initial burden is on the moving party . . . to demonstrate that there is no material question of fact with respect to an essential element of the non-moving party's case." *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.* 554 F.3d 1133, 1137 (7th Cir. 2009) (quoting *Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005)). Once the movant satisfies this initial burden, the burden then shifts to the non-moving party who "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994) (quoting Anderson, 477 U.S. at 248). In ruling on a summary judgment motion, the court must view the evidence plus all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007). With these standards in mind, the court looks to the specific allegations made by the plaintiff.

The plaintiff alleges in her first amended complaint that the defendant has violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by: (1) committing racial discrimination; and (2) retaliating against the plaintiff's efforts to stop the racial discrimination. Title VII prohibits workplace discrimination "with respect to [the employee's] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 provides that "all persons … shall have the same right … to make and enforce contracts, … as is enjoyed by white citizens. . . ." Moreover, an employer may not retaliate against an employee who has complained about discrimination. 42 U.S.C. § 2000e-3(a). Claims brought under § 1981 are analyzed under the same framework as claims brought under Title VII. *Williams v. Waste Management of Ill., Inc.*, 361 F.3d 1021, 1028 (7th Cir. 2004). The Court will first address Ms. Shotwell's discrimination claims and then discuss her retaliation claims.

### A. Discrimination Claim

Race discrimination claims can be proved by presenting evidence directly showing an employer's discriminatory intent or by showing disparate treatment using indirect evidence and the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). *Paz v. Wauconda Healthcare & Rehab. Ctr.*, 464 F.3d 659, 665 (7th Cir. 2006). To survive summary judgment under the burden-shifting method, the plaintiff must first establish

a *prima facie* case consisting of the following elements: (1) she belongs to a protected class; (2) her performance met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated others not in her protected class received more favorable treatment. *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 737 (7th Cir. 2006).

However, the court need not delve into whether the plaintiff can meet her initial burden of proving racial discrimination.[3] Even if the court were to assume that Ms. Shotwell can clear the initial hurdle of proving racial discrimination, the burden only shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action, which would support a finding that unlawful discrimination was not the cause of the adverse employment action. *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 681 (7th Cir. 2007). Here, the undisputed facts indicate that, well after the alleged discriminatory actions occurred, the plaintiff was involved in a series of profane and violent altercations with her co-workers. Ms. Shotwell's nearly constant tiffs with her co-workers were a "legitimate, non discriminatory reason" for firing the plaintiff. *See, e.g., Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410 (7th Cir. 1997).

Given that, in order to survive summary judgment on her discrimination claim, Ms. Shotwell is obliged to identify evidence creating a genuine issue of material fact

---

[3] The court will also not delve into a determination as to whether the plaintiff has exhausted her claims or whether the claims are within the statute of limitations period for bringing a claim. *See Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884, 888 (7th Cir. 2007) (holding that a federal court should not discuss legal issues that would not change the court's ultimate conclusion, as such a discussion would be advisory in nature).

-8-

regarding whether the employer's proffered reasons for firing the plaintiff are "merely pretext for unlawful discrimination." *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009); *see also Spector v. U.S. Bank Nat'l Ass'n*, 286 Fed. Appx. 333, 335 (7th Cir. 2008) ("The inquiry turns to whether the plaintiff has created a genuine issue of fact about the sincerity of that explanation and therefore whether the defendant discriminated against her.")  Here, the plaintiff has failed to provide any evidence that Cooper's proffered reason for terminating Ms. Shotwell's employment is merely pretextual.  Much of Ms. Shotwell's brief to the court contains complaints about how the defendant's attorney treated her during discovery and is entirely irrelevant to the issue at hand.  Liberally construing Ms. Shotwell's submissions as this court must, *McGee v. Bartow*, 593 F.3d 556, 565 (7th Cir. 2010), the court can only find one shred of evidence that even comes close to casting doubt as to the veracity of Cooper's version of the facts: a letter from a co-worker that says that Ms. Shotwell was not involved in a fight on December 16, 2006, the ultimate event that caused Ms. Shotwell to be fired.[4]  However, it is undisputed that Cooper genuinely believed Ms. Shotwell was involved in the fight, as several witnesses told managers at Cooper about the altercation.  As the Seventh Circuit has stated many times, "pretext does not exist if the decisionmaker honestly believed that the

---

[4] None of Ms. Shotwell's submissions in opposition to the defendant's motion are notarized or certified as required by Fed. R. Civ. P. 56(e).  As such, all of Ms. Shotwell's attachments, including the alleged letter from her co-worker disputing the December 16, 2006 incident, amount to "self-serving" assertions without any factual support that are insufficient to defeat a motion for summary judgment.  *Scaife v. Cook County*, 446 F.3d 735, 741 (7th Cir. 2006).  Nonetheless, the court will assume Ms. Shotwell's letter from her co-worker to be genuine, as the court's ultimate conclusion is unchanged even if the court ignores the procedural infirmities to Ms. Shotwell's opposition to the summary judgment motion.

-9-

nondiscriminatory reason" for taking the adverse employment action, as "courts are not 'super-personnel departments' charged with determining best business practices." *Stockwell v. City of Harvey*, 597 F.3d 895 (7th Cir. 2010). In short, Ms. Shotwell has not presented any evidence that casts doubt as to whether Cooper genuinely believed that the plaintiff was involved in an altercation on December 16, 2006, and, as a result, Cooper has presented an unrefuted "legitimate, nondiscriminatory reason" for terminating Ms. Shotwell's employment and should be awarded summary judgment on the discrimination claim.

### B. Retaliation Claim

Ms. Shotwell has also alleged that Cooper retaliated against her for complaining about discrimination. Similar to the process for establishing a claim of discrimination, a plaintiff can initially establish a claim of retaliation by either directly by showing that her (1) statutorily protected activity (2) caused (3) an "adverse employment action," or indirectly by showing that (1) she engaged in statutorily protected activity and (2) suffered an adverse employment action (3) even though she performed her job satisfactorily (4) when others who were similarly situated did not receive the same treatment. *Matthews v. Wis. Energy Corp.*, 534 F.3d 547, 558 (7th Cir. 2008) (internal citations omitted). Again, "after this preliminary showing, the burden of production shifts to the defendant to articulate a legitimate rationale for its 'adverse employment,' after which the plaintiff must prove that this reason is pretextual." *Id.*

Here, the court reaches the exact same conclusion it did when examining the discrimination claim: the court can assume Ms. Shotwell can present a *prima facie* case of retaliation, and Cooper will still prevail at summary judgment. The undisputed facts indicate that Ms. Shotwell was fired because of the frequent melees she had with her co-workers. Moreover, her termination occurred well after she voiced complaints about discrimination to her superiors. In short, the defendant has indicated a "legitimate rationale" for the adverse employment action. *Id.* For the reasons stated above, the plaintiff has no evidence to indicate that Cooper's proffered reason for firing Shotwell was merely a pretext. *See Lifton v. Bd. of Educ. of Chi.*, 416 F.3d 571, 577 (7th Cir. 2005) (holding that courts, "absent some evidence of retaliatory motivation," should not substitute its judgment for that of the employer when an employee has given "her superiors several ample and legitimate reasons to discipline her.") In fact, given the many opportunities Cooper gave Ms. Shotwell after she continually exhibited wholly inappropriate workplace behavior over several years, the undisputed facts only indicate that Cooper was perhaps too lenient for too long in the company's treatment of the plaintiff. In short, Ms. Shotwell has not provided a shred of evidence to indicate she could prevail at trial, and, as such, the court is obliged to grant the defendant's motion for summary judgment.

Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment (Docket #26) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge